UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

THE AMERICAN SOCIETY FOR THE
PREVENTION OF CRUELTY TO ANIMALS,

              Plaintiff,

  -against-                                      25 civ. 5016 (CM)(KHP)

GORDON LAVALETTE,

              Defendant.

---------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/4/2025

## MEMORANDUM DECISION AND ORDER

McMahon, J.:

      Gordon Lavalette served for several years as the Chief Financial Officer of The American Society for the Prevention of Cruelty to Animals (ASPCA), a widely recognized and respected charitable organization that, for 150 years since its founding in 1866, has promoted the welfare and rights of animals. Depending on whose papers you read, Lavalette was either a whistle-blower who uncovered and tried to report the ASPCA's squandering of millions of dollars of donor-contributed funds on consulting contracts and media buys, or a faithless employee who orchestrated a "calculated and relentless campaign" to create the false impression of corporate mismanagement at the ASPCA in order to divert attention from his own misconduct, which resulted in the decision to fire him. There are at present two lawsuits – one brought by each party – asserting claims that arise out of this unhappy situation. One, brought by Lavalette, is pending in Essex County (New Jersey) Superior Court; the other, brought by the ASPCA, is the instant action.

1

Lavalette's lawsuit was filed on May 15, 2025. The ASPCA's lawsuit was filed on June 13, 2025, less than a month later. Lavalette's complaint contends that he was fired in retaliation for his engaging in whistleblower activities, in violation of the New Jersey Conscientious Employee Protection Act (CEPA) and New York's whistleblower statute, N.Y. Labor Law §740. He also alleges that his former employer defamed him by falsely criticizing his performance in front of ASPCA executives. The ASPCA's complaint argues that Lavalette violated his fiduciary obligations and duty of loyalty to the ASPCA by filing bad-faith, vexatious, and harassing internal complaints for the improper purpose of securing an undeserved separation payment.

The ASPCA tried to remove Lavalette's action to my sister court in the District of New Jersey, but that court granted Lavalette's motion to remand the case to state court, where it presently sits. Lavalette originally brought an anti-suit injunction motion in the Essex County Superior Court, but has thought better of it and withdrawn that application.

Lavalette has moved to dismiss (without prejudice) or stay this lawsuit pending litigation in New Jersey. He argues that his was the first-filed action, so the parties' dispute should be litigated in his chosen forum. The ASPCA opposes his motion.

Because New York is the undoubted center of gravity of this dispute and no significant steps have been taken to litigate this matter on the merits in New Jersey, the ASPCA's lawsuit should be litigated here. Lavalette's motion for dismissal or a stay of proceedings in this action is DENIED.

**The First Filed Rule**

The first-filed rule states that, in determining proper venue, "where there are two competing lawsuits, the first suit should have priority." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95 (2d Cir. 2006) (quoting *First City Nat'l Bank & Trust v. Simmons*, 878 F.2d 76, 79 (2d Cir.1989)).

2

However – and significantly for this case – the first-filed rule applies only to concurrent lawsuits pending in two different federal courts. A first-filed lawsuit filed in a state court is no bar to proceedings filed in a federal court. As between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction. *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817 (1976).

Lavalette filed his lawsuit in a New Jersey state court. The ASPCA filed its lawsuit in this court. Although the claims in suit in this action arise under state law, this court has undoubted jurisdiction over the dispute between the ASPCA – a New York corporation – and its employee – a citizen of New Jersey. Therefore, the "first-filed" rule is inapplicable.

Were any doubt on that score created by virtue of the ASPCA's abortive effort to remove Lavalette's lawsuit to the United States District Court for the District of New Jersey, that doubt was eliminated when my New Jersey colleague decided to remand Lavalette's lawsuit to the court from whence it came – the Essex County Superior Court. So we have a state case and a federal case, and it does not matter whether the former or the latter was filed first, since "the court's remand of the removed action to state court….render[s] the first-filed rule inapplicable because 'the first-to-file doctrine applies to concurrent federal litigation—not concurrent state/federal litigation.'"[1] *Bull v. Howard,* 204 WL 1588389, at *3 (W.D.N.Y. March 20, 2024).

The only issue is whether this court should abstain from exercising jurisdiction in favor of allowing the New Jersey state court to do so.

It should not and it will not.

---

[1] Because Lavalette's lawsuit was remanded to the New Jersey Superior Court, the Defendant's motion to transfer this case to New Jersey pursuant to 28 U.S.C. §1404(a) is effectively moot.

3

### *Colorado River* Abstention

A federal court's obligation to hear and decide a case over which it has jurisdiction is "virtually unflagging." *Spring Communications, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013); *Colorado River*, 424 U.S. at 817. Under the *Colorado River* exception, the court may abstain in order to conserve federal judicial resources only in "exceptional circumstances" where the resolution of existing concurrent state-court litigation could result in "comprehensive disposition of litigation." *Woodford v. Community Action Agency of Green County, Inc.*, 239 F. 3d 517, 522 (2d Cir. 2001).

In determining whether this is one of the rare cases in which *Colorado River* abstention would be appropriate, I am required to consider the following six factors:

1. Whether the controversy involves a res over which one of the courts has assumed jurisdiction;

2. Whether the federal forum is less inconvenient than the other for the parties;

3. Whether staying or dismissing the federal action will avoid piecemeal litigation;

4. The order in which the lawsuits were filed and whether proceedings have advanced in one forum further than in the other;

5. Whether federal law provides the rule of decision; and

6. Whether state procedures are adequate to protect the plaintiff's federal rights.

However, as the Second Circuit made clear in *Woodford*, the balance is to be weighted heavily in favor of exercising jurisdiction.

Neither of these lawsuits involves a "res" over which either court has assumed jurisdiction. Lavalette's lawsuit does not seek to determine the ownership of any piece of property or other thing. Therefore, the first factor does not favor abstention.

The convenience factor is neutral. The ASPCA and all its records are in New York City – it has no offices in New Jersey at all, let alone in Essex County – and it appears that, while Lavalette lives in New Jersey (albeit not in Essex County, apparently[2]), he worked primarily in New York City – at least, I can infer as much since he applied for and received unemployment benefits from the State of New York.[3] But Essex County, New Jersey, where Lavalette filed his lawsuit, is but a few miles, as the crow flies, from Manhattan, where the ASPCA is located. I will not pretend that, in this day and age of electronic discovery, it would seriously inconvenience the parties to litigate in either state. But that does not help Lavalette's cause, for if a factor is neutral, it cannot be counted in favor of abstention. *Nationwide General Ins. Co. v. Rael Maintenance Corp.*, 2024 WL 1805544, at *6 (S.D.N.Y. April 24, 2024).

As for the third factor, dismissing the federal action will not avoid piecemeal litigation. Here we do have parallel lawsuits. In New Jersey, Lavalette seeks relief under two state whistleblower laws, as well as for defamation. In this court the ASPCA seeks an adjudication that Lavalette has breached his fiduciary duty to his employer under New York common law. While there is plainly a relationship between these two lawsuits, a decision in one will not dictate the result in the other – a factor that favors retention of jurisdiction. *De Maria*, 2024 WL 1076543, at *7. But there is no question that the ASPCA's claims could have been asserted in Lavalette's lawsuit. In fact, those claims would normally fall within New Jersey's compulsory counterclaim rule. *See* New Jersey Court Rule 4:30A.

But while it is true that New Jersey has an "entire controversy doctrine," which "compels the parties, when possible, to bring all claims relevant to the underlying controversy in one legal

---

[2] I understand that venue may not properly lie in Essex County, but that is for the state court to ascertain, not this court.

[3] I certainly hope that Mr. Lavalette did not perpetrate a fraud on the State Unemployment Insurance Board.

5

action," *Lockhart v. U.S. Bank Nat'l Ass'n*, 2017 WL 2709563, at *3 (D.N.J. June 22, 2017), that rule precludes only *successive* lawsuits involving related claims. It does not bar simultaneous but related federal and state court actions. *See BIL Mgmt. Corp. v. New Jersey Econ. Dev. Auth.*, 2006 WL 3591256, at *2 (D.N.J. Dec. 8, 2006), *aff'd*, 310 F. App'x 490 (3d Cir. 2008) (entire controversy doctrine did not require court to dismiss complaint based on pending state court action because the doctrine "does not require dismissal when multiple actions involving the same or related claims are pending simultaneously"); *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 890 (3d Cir. 1997) (the entire controversy doctrine "does not preclude the initiation of a second action before the first action has been concluded.").

Moreover, even if the entire controversy doctrine did apply to this situation, courts are not required to abstain under *Colorado River* just because a party's claims could have been brought as compulsory counterclaims in a state court action – even where that would avoid piecemeal litigation. In fact, "Absent exceptional circumstances, a federal court will not abstain from hearing a claim on the basis that the claim would be a compulsory counterclaim to a pending state court action." *See Abstention pending resolution of parallel state-court action*, 1 Federal Rules of Civil Procedure, Rules and Commentary § 13:40.

Fourth, the two actions are in essentially the same posture, with neither having progressed beyond opening procedural gambits. Lavalette's lawsuit was filed a few weeks prior to the ASPCA's, but that does not make a difference in the great scheme of things. *See Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 102 (2d Cir. 2012) (even where a state action was commenced before the federal suit, that factor will carry little weight "if there has been limited progress in the state court suit") (internal quotations omitted). The New

6

Jersey case has not progressed to the point when one could say it was sufficiently further along than the New York lawsuit to warrant abstention.

No federal claim is asserted in either lawsuit; the only federal right that the ASPCA has is the right to have issues of state law litigated in a federal court. This is the one and only factor that augurs in favor of abstention. But the ASPCA's right to a federal forum is not insignificant and augurs against abstention.

Finally, it is not clear that Lavalette's New Jersey state court action will afford the ASPCA an adequate vehicle for a complete and prompt resolution of the issues between the parties. It certainly does not afford the ASPCA the best vehicle for doing so. In the case pending in this court, the ASPCA asserts claims arising under New York common law and its Not-for-Profit Corporations Law – with both of which this court, as opposed to the New Jersey Superior Court, is intimately familiar. It is to the ASPCA's advantage to have a New York court deciding issues of New York law. Moreover, I will apparently be able to do so more promptly than my overworked New Jersey colleague. I can assure the parties that this court will not allow discovery to last for 430 days from the date when an answer is filed – which, I understand, is what the judge in Essex County has authorized. Rather, the parties will have to be ready for trial in the New York action within six months. So there is every expectation that the federal lawsuit will progress more rapidly than Lavalette's state court action.

I thus conclude that *Colorado River* abstention is unwarranted here, and I decline to dismiss or stay this action in favor of the lawsuit pending in Essex County Supreme Court.

## Conclusion

The Clerk of Court is directed to remove the motion at Dkt. No. 9 from the court's list of open motions.

The parties are directed to attend a case management conference on December 4, 2025 at 10:30 AM in Courtroom 24A of the Moynihan Courthouse.

This constitutes the decision and order of the court. It is a written decision.

Dated: November 3, 2025

_____
U.S.D.J.

BY ECF TO ALL COUNSEL