UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

THE AMERICAN SOCIETY FOR THE
PREVENTION OF CRUELTY TO ANIMALS,       1:25-CV-05016 (CM) (RWL)

               Plaintiff,            **STIPULATION AND**
                                           **PROTECTIVE ORDER**

         - against -

GORDON LAVALETTE,

               Defendant.

---------------------------------------------------------------- x

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

     a. The parties to this action and their counsel, including in-house counsel;

b. Employees of such counsel assigned to and necessary to assist in the litigation;

c. The Court (including the mediator, or other person having access to any Confidential information by virtue of his or her position with the Court);

d. Stenographers engaged to transcribe depositions the parties conduct in this action;

e. As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

f. Any potential witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed the Confidentiality Agreement in the form annexed hereto;

g. Any person a party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed the Confidentiality Agreement in the form annexed hereto; and

h. Outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter, provided such person has first executed the Confidentiality Agreement in the form annexed hereto.

5. Prior to disclosing or displaying the Confidential Information to any person referred to in subparagraphs 4(f), 4(g), and 4(h) above, counsel must:

a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c. Require each such person to sign the Confidentiality Agreement to be bound by this Order in the form attached hereto.

6. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all terms of this Stipulation and Order.

7. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

8. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

10. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

11. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

12. THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER:

> The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

> It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

3

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

13. Further, the parties hereby adopt by reference the procedures governing Redactions and Filings Under Seal as set forth in the Appendix to Magistrate Judge Robert W. Lehrburger's Individual Practices in Civil Cases.

SO STIPULATED AND AGREED.

DAVIS WRIGHT TREMAINE LLP

/s/ Lyle Zuckerman
By: _____
    Lyle S. Zuckerman
    Michael L. Lynch
    Godfre Blackman
    Rebecca Rosenthal
1251 Avenue of the Americas, 42nd Floor
New York, New York 10020
(212) 489-8230 (telephone)
LyleZuckerman@dwt.com
MichaelLynch@dwt.com
GodfreBlackman@dwt.com
RebeccaRosenthal@dwt.com

*Attorneys for Plaintiff The American Society
for the Prevention of Cruelty to Animals*

SMITH MULLIN, P.C.

By: _____
    Neil Mullin
    Jesse Sengstacke
240 Claremont Avenue
Montclair, New Jersey 07042
(973) 783-7607 (telephone)
Nmullin@smithmullin.com

*Attorneys for Defendant
Gordon Lavalette*

4

SO ORDERED:

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:  New York, New York

March 12, 2026

## Confidentiality Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____

Signed in the presence of:

_____

(Attorney)

6