UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE AMERICAN SOCIETY FOR THE
PREVENTION OF CRUELTY TO ANIMALS,

        Plaintiff,

-against-

GORDON LAVALETTE,

        Defendant.

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: __06/01/26__

25-CV-5016 (CM) (BCM)

**ORDER REGARDING
DISCOVERY CONFERENCE**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons discussed during today's discovery conference, the April 21, 2026 letter-motion filed by plaintiff The American Society for the Prevention of Cruelty to Animals (ASPCA) to compel defendant Gordon Lavalette to produce additional discovery (Dkt. 71), and the April 29, 2026 letter-motion filed by Lavalette to compel the ASPCA to produce additional discovery (Dkt. 81) are GRANTED IN PART and DENIED IN PART, as follows:

**<u>Plaintiff's April 21, 2026 Motion</u>**

1.    <u>Audio Recordings</u>. Defendant must produce the audio recordings logged on Dkt. 71-4 and withheld on grounds of the common interest privilege.

2.    <u>RFPs No. 7, l0, 43, and 61; Interrog. No. 14</u>. Defendant must produce all non-privileged documents responsive to plaintiff's Requests for Production (RFPs) No. 7, 10, 43, and 61, and plaintiff's Interrogatory (Interrog.) No. 14.

3.    <u>RFP No. 23</u>. Defendant must produce all non-privileged documents responsive to plaintiff's RFP No. 23, limited to documents referenced in defendant's operative answer (Amended Answer) (Dkt. 37) in this action.

4.    <u>RFP No. 44</u>. Defendant must produce all non-privileged documents responsive to plaintiff's RFP No. 44, limited to statements regarding the events or happenings forming the subject matter of this action.

5. <u>RFP No. 46</u>. Defendant must produce all non-privileged documents responsive to plaintiff's RFP No. 46(i) (as written), 46(ii) (as written), and 46(iii) (limited to communications concerning alleged ASPCA violations of laws, rules, or regulations that were the subject of internal complaints by defendant).

6. <u>RFPs No. 68, 69, 70</u>. Defendant must produce all documents responsive to plaintiff's RFPs No. 68, 69, and 70, limited to communications concerning the allegations contained in the Amended Answer.

7. <u>Interrog. No. 4</u>. Defendant must answer plaintiff's Interrog. No. 4, limited to persons that Lavalette has contacted or communicated with concerning this lawsuit and/or the allegations contained in the Amended Answer.

8. <u>Interrog. No. 5</u>. Defendant must answer plaintiff's Interrog. No. 5, limited to persons who retaliated against Lavalette as alleged in the Amended Answer.

9. <u>Interrog. No. 7</u>. Defendant must answer plaintiff's Interrog. No. 7, limited to persons who engaged in violations of laws as described in the Amended Answer.

10. <u>Interrog. No. 8</u>. Defendant must answer plaintiff's Interrog. No. 8, limited to persons with whom Lavalette has discussed the allegations in this action, including in the Amended Answer.

11. <u>Remaining RFPs and Interrogatories</u>. Defendant need not further respond to plaintiff's RFPs No. 2-4, 24, 27, 39, 40, 45, 56-58, 62, or 63 (as to which defendant states that there are no responsive documents beyond the pleadings that he filed in the New Jersey Action), nor to Interrog. No. 17.

### **Defendant's April 29, 2026 Motion**

12. <u>RFP No. 48</u>. Plaintiff must produce all non-privileged documents responsive to defendant's RFP No. 48.

13. RFP No. 69. In response to defendant's RFP No. 69, plaintiff must produce documents sufficient to show that (as alleged in ¶ 4 of its Complaint (Dkt. 1)) the ASPCA was a "federal contractor for only a brief period ending months prior to" defendant's internal complaint regarding potential violations of regulations applicable to federal contractors, and that during that "brief period" the ASPCA "performed no actual work for and received no funds from the federal government."

14. RFP No. 76. In response to defendant's RFP No. 76, plaintiff must produce any ASPCA insurance policy that *arguably* provides advancement and/or indemnification rights to Lavalette in connection with this action.

15. Interrog. No. 2. No later than **June 8, 2026**, plaintiff must answer defendant's Interrog. No. 2(a) (as written), 2(b) (limited to a *brief* description of the nature of the internal complaint, if not in writing), 2(c) (as written), and 2(d) (limited to the internal complaint itself).

16. Interrog. No. 7. The Court treats defendant's Interrog. No. 7 as a document request. To the extent it has not already done so, plaintiff must produce all non-privileged responsive documents. If plaintiff intends to seek damages based upon its legal (or other) expenses incurred in connection with its investigation(s) into defendant's internal complaints, its production must include all documents evidencing those expenses.

17. Interrog. No. 9. Plaintiff must answer the first sentence of defendant's Interrog. No. 9 ("yes" or "no"). The Court treats the remainder of Interrog. No. 9 as a document request. If the answer to the interrogatory is "yes," plaintiff must produce all non-privileged responsive documents.

3

18.    <u>Remaining RFPs and Interrogatories</u>. Plaintiff need not further respond to RFPs No. 41, 43-47, or 68 (withdrawn by defendant), nor to Interrogs. No. 2(e)-(g), 3, 4, 8, and 10.

## Time to Respond

Except as set forth above in paragraph 15 above (relating to defendant's Interrog. No. 2(a)-(d)), the parties must produce the required documents and serve the required interrogatory answers no later than **June 15, 2026**.

## Reserved Privilege Issues

The Court requires additional information from plaintiff before it can issue a ruling as to defendant's RFPs No. 35, 70, 74, and 75 and Interrog. No. 2(h) (which the Court construes as a document request) or as to the documents clawed back by plaintiff, which are the subject of the parties' supplemental letters at Dkts. 67 and 77. No later than **June 8, 2026**, plaintiff must submit a readable copy of its privilege log (more readable than the copy filed at Dkt. 87-1). In addition, it must submit admissible evidence, in the form of an affidavit or declaration, signed under penalty of perjury by a knowledgeable ASPCA witness, that answers the following questions:

(a)    Who are the "outside counsel" referenced in ¶ 32 of the Complaint?

(b)    When did the ASPCA engage that outside counsel to conduct the investigation described in ¶ 32 of the Complaint?

(c)    What was the subject matter of the investigation described in ¶ 32 of the Complaint? For example, were outside counsel tasked with investigating anything other than "Lavalette's first three internal complaints," *see* Compl. ¶ 36 (which the Court understands are *not* the basis of any of plaintiff's claims in this action)?

(d)    Did outside counsel interview or otherwise communicate directly with Lavalette in connection with the investigation described in ¶ 32 of the Complaint? If so, when?

4

(e)   When did outside counsel "report[] its findings to the Audit and Executive Committees," as described in ¶ 32 of the Complaint? In what form (*e.g.*, a written report, an oral presentation) was that report made?

(f)   When and by what means (*e.g.*, a meeting, a phone call, an email) did "[m]embers of the Board of Directors report[] certain key investigatory findings to Lavalette," as described in ¶ 34 of the Complaint?

(g)   Did the "key investigatory findings" by outside counsel include "concerns with Lavalette's working relationship and interactions with colleagues," as described in ¶ 34 of the Complaint?

(h)   Did the ASPCA engage "outside counsel" (other than its current litigation counsel) to conduct any other or further investigation(s) relating to Lavalette's internal complaints?

(i)   If so, for each such engagement:

    (i)   Who were the outside counsel?

    (ii)   When were they engaged?

    (iii)   What was the subject matter of the investigation? Specifically, were counsel engaged to investigate any of the Lavalette's "bad faith internal complaints," *see* Compl. ¶ 42, which are the basis of plaintiff's claims in this action? If so, which complaints?

    (iv)   Did outside counsel interview or otherwise communicate directly with Lavalette in connection with the investigation?

    (v)   Did outside counsel report their findings to the ASPCA? If so, when and in what form was the report made?

(vi)   Did the ASPCA report any of outside counsel's findings to Lavalette? If so, when and by what means?

(j)   Who were the attorneys who performed or directed the reviews that the ASPCA undertook of the "more than 70 complaints over more than 25 matters" raised by Lavalette after he was "unsatisfied with the investigatory conclusions of the ASPCA's counsel" with respect to his first three internal complaints, as described in ¶¶ 35 and 36 of the Complaint?

**Extension of Deadlines to Object or Move as to Outside Counsel Subpoena**

The Court is informed that defendant has served a subpoena duces tecum on the outside counsel referenced in ¶ 32 of the Complaint, and that both plaintiff and its outside counsel intend to object to that subpoena and/or move to quash it on privilege grounds. The Court hereby extends the deadline for doing so until seven days following the Court's ruling on the reserved privilege issues discussed above.

The Clerk of Court is respectfully requested to close the motion at Dkt. 71.

Dated: New York, New York  
June 1, 2026

SO ORDERED.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**